# IN THE COURT OF APPEALS OF IOWA

No. 14-0006
Filed September 17, 2014

**PHI FINANCIAL SERVICES, INC.,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW R. POWERS,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


    Borrower Matthew Powers appeals the district court's determination the creditor's lawsuit is not barred by claim preclusion. **AFFIRMED.**


    Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel, for appellant.

    Christopher L. Low and Laurie Heron McCown of Abendroth & Russell, P.C., Des Moines, for appellee.


    Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

In this contract action, borrower Matthew Powers contends the district court erred in rejecting his defense of claim preclusion. The claim-preclusion issue involves two deferred loan payment agreements for farm supplies—one signed in 2005 and one signed in 2006. Those agreements spurred two lawsuits filed by his creditor, PHI Financial Services, Inc.

Powers was the sole shareholder and president of Bell-Core, Inc., a North Dakota corporation. Bell-Core and PHI entered into a 2005 deferred loan payment agreement for $75,000. PHI set up a line of credit in favor of Bell-Core for the purchase of seeds, chemicals, and other agricultural items; Powers successfully argued he did not sign the 2005 contract in his personal capacity. In contrast, PHI entered a 2006 deferred loan payment agreement for $75,000 with Bell-Core and Powers individually as a co-borrower.[1] Both loan agreements stated:

> The borrower and co-borrower, if any, separately and jointly agree to be obligated to pay all obligations arising under this Agreement. Anyone listed as a borrower or co-borrower is authorized to enter a transaction for an advance to be made on this Agreement. Any extension of new credit to any of us [the borrowers], or renewal of this Agreement by all or less than all of us, will not release any borrower/co-borrower from any duty to pay it.
>
> . . . .
>
> The credit limit stated is the maximum amount of principal that can be borrowed and outstanding at any one time under this Agreement unless the limit is changed by PHI Financial. In subsequent years, the annual maximum line of credit amount shall be the amount set forth in the final approval letter that I [borrowers] receive prior to each crop year from PHI Financial.

---

[1] The deferred loan for the 2006 crop year was paid in full.

Two years after the 2006 deferred loan agreement, a PHI December 2008 letter renewed the line of credit and set a borrowing limit of up to $325,000 for the 2009 crop year, with the loan due in full on December 1, 2009. The payment coupon accompanying the renewal letter was in the names of both Bell-Core and Powers. Neither Bell-Core nor Powers paid the 2009 loan balance by the due date. In March 2011, Powers went through the process of dissolving Bell-Core under North Dakota corporation laws.

## I. First Litigation—CL123176.

In September 2011, PHI sued Bell-Core and Powers alleging breach of the 2005 written contract. In January 2012, PHI sought summary judgment. Powers resisted and filed an affidavit stating he was not personally a party to the agreement having signed the 2005 agreement only in his capacity as Bell-Core's president. In March 2012, the court granted PHI's summary judgment motion as to Bell-Core[2] and denied summary judgment as to Powers, ruling PHI "has not provided the Court with sufficient undisputed proof that [defendant Powers] should be held personally responsible for the debt sued upon."

The following events occurred in April 2012. PHI moved to amend its petition to allege a breach of the 2006 contract as the basis for a judgment against Powers for the 2009 crop year. Powers resisted, stating in part, PHI seeks to "base its claims upon an entirely new contract." His resistance also stated PHI "submit[s] this new and wholly different contract" and PHI "seeks to submit a new contract with additional parties allegedly bound to the agreement."

---

[2] In December 2012, the court filed a judgment entry against Bell-Core in CL123176 for $228,882.57, plus accrued interest, attorney fees, and costs.

The court denied PHI's motion to amend, stating PHI's "amended petition would add an alleged individual liability count against [Powers] which was not alleged in the original lawsuit" and Powers would be prejudiced if the court allowed PSI to assert a new claim so late in the proceedings. Powers moved for summary judgment, contending there were no issues of material fact regarding his claim that he "is *not a party to the contract at issue* in this matter and is not personally bound in any way to PHI." (Emphasis added.)

PHI filed a motion to reconsider the amendment to its petition. Powers resisted, stating: "The terms of both agreements may be the same . . . however, the parties to the agreements are entirely different. Defendant Matthew R. Powers is clearly not a party to the [2005] agreement." In July 2012, the court denied PHI's motion to reconsider and granted Powers's motion for summary judgment.

## II. Second Litigation—CL126640—Challenged in this Appeal.

In November 2012, PHI sued Powers, individually, for breach of the 2006 contract and sought to recover the funds it advanced in 2009. Powers answered and asserted the affirmative defense of claim preclusion. In September 2013, Powers filed a motion for summary judgment: "PHI claims Powers is liable for indebtedness for the 2009 agricultural year based upon a 2008 renewal of the 2006 contract." First, Powers claimed any "indebtedness in 2009 was in the name of Bell-Core only." Second, Powers pointed to the initial litigation and claimed the current action is barred by res judicata.

PHI resisted stating the written provisions of the 2006 contract and the 2009 renewal establish Powers's individual liability for the line of credit PHI extended. PHI asserted claim preclusion did not apply to a later case "arising from a completely independent claim" and in the earlier litigation (1) Powers resisted the amended petition by arguing the 2005 and 2006 agreements were completely independent agreements, (2) the court denied the motion to amend, ruling PHI's "amended petition would add an alleged individual liability count against [Powers] which was not alleged in the original lawsuit," and (3) the court did not consider the merits of PHI's claim against Powers based on the 2006 contract. *See Pavone v. Kirke*, 807 N.W.2d 828, 836 (Iowa 2011) (explaining claim preclusion does not apply "unless the party against whom preclusion is asserted had a full and fair opportunity to litigate the claim or issue in the first action").

After a contested hearing, the district court denied Powers's motion for summary judgment. The court quickly dispatched his first claim: "It is clear from the record . . . the defendant, through his execution of the 2006 agreement, obligated himself for any amounts borrowed by Bell-Core from [PHI] including obligations taken out in subsequent years." The court concluded Powers was not entitled to summary judgment on the basis he, as a matter of law, did not assume personal responsibility for the loan from PHI for the 2009 crop year.

As for claim preclusion, the district court noted the general rule "holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone*, 807 N.W.2d at 835. The court stated Powers

must successfully prove, among other elements, the "fighting issue" that "the claim made in the second action could have been fully and fairly adjudicated in the prior case." *See Braunschweig v. Fahrenkrog*, 773 N.W.2d 888, 893 (Iowa 2009). In determining whether the claim could have been fully and fairly adjudicated in the first case, i.e., "whether both suits involve the same cause of action," the district court cited *Pavone* and aptly considered (1) the protected right, (2) the alleged wrong, and (3) the relevant evidence. *See Pavone*, 807 N.W.2d at 837 ("However, we carefully distinguish between two cases involving the same cause of action—where claim preclusion bars initiation of the second suit—and two cases involving related causes of action—where claim preclusion does not bar initiation of the second suit.").

The district court ruled Powers had not proved the claim in the second action could have been fully and fairly adjudicated in the initial case. First, the protected right in the initial case "had at its source the 2005 agreement; the protected right in the present case stems from an independent agreement, the contract executed in 2006." Second, PHI's "efforts to frame a proper basis for a claim" that Powers "was personally liable for the 2009 crop year were resisted" by Powers, who claimed "the proposed amendment was based on a 'new and wholly different contract' rather than the 2005 agreement." Finally:

> The two lawsuits brought by [PHI] against [Powers] arose from separate and independent agreements. The adjudication in [Powers's] favor in the prior lawsuit should not form the basis for a bar of the second lawsuit, especially when [Powers] successfully objected to the inclusion of the very claim in the first lawsuit he now contends was fairly and fully litigated therein.

Thereafter, the court entered judgment in favor of PHI and against Powers for $249,099.34.  Powers now appeals.

## III.  Claim Preclusion

Powers raises one issue on appeal: "The district court committed legal error when it held the defense of claim preclusion does not apply in the second lawsuit between the same parties involved in a claim that could have been litigated in the first case."

We review the grant or denial of summary judgment for correction of legal error.  *Pavone*, 807 N.W.2d at 833.

After thoroughly reviewing the record and arguments presented, we agree with and adopt the district court's analysis and decision on the issue of claim preclusion.[3]   A full opinion would not augment or clarify existing case law. Accordingly, we affirm by this memorandum opinion.  *See* Iowa Court Rule 21.26(1)(d), (e).

**AFFIRMED.**

---

[3] Because we approve of the reasons and conclusions in the district court's opinion rejecting Powers's claim-preclusion argument, we need not address PHI's contention that judicial estoppel prohibited Powers from taking inconsistent positions in the first and second litigation.